**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOKIM PITTS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | Complaint for violation of Civil Rights and |
| CITY OF CHICAGO DETECTIVE H. | ) | State Supplemental Claims |
| BARSCH, UNKNOWN AND | ) | |
| UNNAMED CITY OF CHICAGO | ) | |
| POLICE OFFICERS, and THE CITY OF | ) | **JURY DEMANDED** |
| CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**JURISDICTION AND VENUE**

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983).  This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2.      Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3.      At all times herein mentioned, Plaintiff JOKIM PITTS (hereinafter "Plaintiff"), was and is a citizen of the United States and was within the jurisdiction of this court.

4.      At all times herein mentioned, Defendants City of Chicago Police DETECTIVE H. BARSCH and unknown and unnamed officers (hereinafter "Defendants"), were employed by the City of Chicago Police Department and were acting under color of state law and as the

1

employee, agent, or representative of the City of Chicago Police Department. These Defendants are being sued in their individual capacities.

5. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the CITY OF CHICAGO Police Department.

## **FACTUAL ALLEGATIONS**

6. On or about March 13, 2019, Defendant Barsch alleged he was a victim of a stalking incident and conducted an independent investigation into an alleged stalking incident, in which he alleged that he was the victim.

7. On or about March 13, 2019, Defendant Barsch filed a false police report, in which he falsely accused Plaintiff of stalking.

8. On March 13, 2019, Plaintiff was at work at KCP Metal Fabrications, Inc., and thus nowhere near the scene of the alleged stalking incident.

9. On or about March 13, 2019, a Probable Cause Investigative Alert for Plaintiff was issued based on Defendant Barsch's false accusations.

10. On or about March 14, 2019, Plaintiff was falsely arrested leaving his house on the way to work.

11. On or about March 14, 2019, as yet unknown Defendants illegally searched and seized Plaintiff's vehicle.

12. Plaintiff's illegally seized vehicle remained in police custody until March 20, 2019, six (6) days after his release.

13. While in possession of Plaintiff's vehicle, unknown Defendants unlawfully searched the vehicle for narcotics and caused excessive, unreasonable, and unnecessary damage.

2

14.     The unlawful search did not produce any contraband.

15.     There was no legal cause to search or seize Plaintiff or Plaintiff's vehicle.

16.     During the course of the investigation, unknown Defendants interviewed Plaintiff's employer who revealed that Plaintiff was at work at the time of the stalking incident and Defendants were provided video confirmation.

17.     Plaintiff was arrested at 2:30 p.m. on March 14, 2019; Plaintiff remained in jail until 1:30 p.m. on March 15, 2019 when he was released without being charged with any crime.

18.     While in possession of Plaintiff's property, as yet unknown Defendants unnecessarily and unreasonably, and without legal cause, took apart Plaintiff's phone resulting in its complete destruction.

19.     Plaintiff was deprived of his liberty and property, as a result of the acts of the Defendants.

20.     By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, loss special damages, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

21.     The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

22.     By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, Plaintiff

3

requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C.

Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### PLAINTIFF AGAINST ALL INDIVIDUAL KNOWN AND UNKNOWN DEFENDANTS AND OTHERS, FOR VIOLATION OF HIS FOURTH AND FOURTEENTH AMENDMENT RIGHTS THROUGH UNLAWFUL DETENTION

23.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

24.     Defendant Barsch, as well as the other unknown and unnamed officers of the Chicago Police Department, acted individually to deprive Plaintiff of his search and seizure, due process, and liberty rights by fabricating and falsifying evidence, and falsifying police reports as indicated above.

25.     By reason of the conduct of Defendants and each of them, Plaintiff was deprived of rights, privileges and immunities, secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

26.     Plaintiff was seized and continually detained without probable cause in violation of his Fourth Amendment Rights.

27.     The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth and Fourteenth due process rights.  Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### PLAINTIFF AGAINST UNKNOWN AND UNAMED CITY OF CHICAGO POLICE OFFICERS FOR ILLEGAL SEARCH AND SEIZURE

28.     Plaintiff incorporates and realleges paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

4

29. By reason of the Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

30. The arbitrary intrusion by Defendants into the security and privacy of Plaintiff's vehicle was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner on March 14, 2019: (1) seizing Plaintiff's vehicle without just cause; (2) searching Plaintiff's vehicle without just cause; (3) causing excessive, unnecessary, and unreasonable property damage to the Plaintiff's vehicle and personal property. These acts were in violation of the Plaintiff's Fourth Amendment rights. Therefore, the Defendants, and each of them, in their individual capacity are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT III**
**PLAINTIFF AGAINST ALL INDIVIDUAL KNOWN AND UNKNOWN DEFENDANTS AND OTHERS, AND THE CITY OF CHICAGO, FOR THE SUPPLEMENTAL CLAIM OF FALSE IMPRISONMENT**

31. Plaintiff incorporates and realleges paragraphs one (1) through twenty-two (22) hereat as though fully set forth at this place.

32. Defendant Barsch, and as yet unknown Defendants committed the tort of False Imprisonment when they held Plaintiff against his will at the City of Chicago Police Department without any legal cause.

33. The City of Chicago is liable to Plaintiff for the acts of Defendants pursuant to the doctrine of *respondeat superior*.

34. As a result of these acts and/or omissions Plaintiff was damaged, and Defendants and the City of Chicago are liable under the supplemental state claim of False Imprisonment.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That individual Defendants and each of them and other unnamed and unknown Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That these same Defendants be required to pay Plaintiff's special damages;

3. That these same Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the individual Defendants and each of them and other unnamed and unknown Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Jaclyn N. Diaz
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jdiaz@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Jaclyn N. Diaz
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jdiaz@efoxlaw.com