**IN THE UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| JOKIM PITTS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 19 CV 4573 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| CITY OF CHICAGO DETECTIVE H. | ) | Magistrate Gabriel A. Fuentes |
| BARSCH, UNKNOWN AND | ) | |
| UNNAMED CITY OF CHICAGO | ) | |
| POLICE OFFICERS, and THE CITY OF | ) | |
| CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' JOINT MOTION TO DISMISS
AND PLAINTIFF'S MOTION TO STRIKE EXHIBIT A**

NOW COMES the Plaintiff, JOKIM PITTS, by and through his attorneys, Ed Fox & Associates, and respectfully requests that this Court strike Defendants' Exhibit A (Dkt. 74-1) from their Motion to Dismiss and for his response in opposition to Defendants' Motion to Dismiss states as follows:

I. **MOTION TO STRIKE**

Defendants purportedly filed their Motion to Dismiss Counts III of Plaintiff's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 73 at pg. 1). However, according to Rule 12(d) of the Federal Rules of Civil Procedure, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Defendants have presented matters outside the pleading by attaching the Original Case Incident Report in the underlying criminal matter. Pursuant to NDIL Local Rule 56.1(a) for each

summary judgment motion filed under Fed. R. Civ. P. 56, the moving party is required to file a supporting memorandum of law that complies with LR 56.1(g) and a statement of facts that complies with LR 56.1(d) and that attaches the cited evidentiary material, and the failure to do so constitutes grounds for denial of the motion. Defendants' motion fails to comply with LR 56.1 and thus should not be considered as such and Defendants' Exhibit A should be stricken. "The Seventh Circuit has repeatedly approved enforcement of Local Rules that dictate the form of summary judgment motions." *Stoner v. Wal-Mart Stores, Inc*., 06-4053, 2008 WL 3876077, at \*4 (C.D. Ill. Aug. 18, 2008) citing *Bell, Boyd & Lloyd v. Tapy,* 896 F.2d 1101,1102–03 (7th Cir.1990); *Schulz v. Serfilco, Ltd.,* 965 F.2d 516, 519 (7th Cir.1992); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 922 (7th Cir.1994).

However, Defendants argue that their motion still falls under Rule 12(b)(6) based on the exception that allows concededly authentic documents referred to in a complaint and central to a plaintiff's claim to be considered. (Dkt. 73 at pg. 2 *citing Gillis v. Meisner*, 525 Fed. Appx. 506, 509 (7th Cir. 2013)). Defendants' make no argument as to how the Original Case Incident Report is central to Plaintiff's claim or anything beyond a conclusory statement that Plaintiff incorporated it in the pleading. (*See* Dkt. 73 at pg. 6). In his First Amended Complaint, Plaintiff alleged that "Defendant Barsch's alleged use of Facebook to 'identify' Plaintiff is *notated* in the Original Case Incident Report generated by Detective Kenah on the night of the incident." ¶ 11 (emphasis added). Defendants have incorrectly concluded that this mere mention of the report has now incorporated it into the Complaint and Defendants are relying on the information stated in the report as fact. This is incorrect. Plaintiff alleged that Defendant Barsch's use of the Facebook photograph was notated in the report, Plaintiff did not state or imply that, that somehow made it true. Moreover, the Original Case Incident Report is not central to Plaintiff's claim as the information contained in

the Complaint can be independently verified without the Original Case Incident Report. Accordingly, Plaintiff respectfully requests that the Court strike Defendants' Exhibit A.

Even if this Court is inclined to convert Defendants' Motion to Dismiss to a Motion for Summary Judgment pursuant to FRCP 12(D)(1), there are clearly disputed facts and credibility issues with regard to Plaintiff's spoliation claim that would make summary judgment inappropriate. At summary judgment, a Court may not make credibility determinations, weigh the evidence or decide which inferences to draw from the facts. *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007). Also, a court may not "choose between competing inferences or balance relative weight of conflicting evidence." *Abdullahi, v. City of Madison*, 423 F.3d 763 (7th Cir. 2005).

Defendants reliance on the Original Case Incident Report to prove that Defendant Barsch used both the Facebook photograph and CPD databases to identify Plaintiff is baffling in consideration of the fact that Defendant Barsch has maintained throughout discovery that he does not recall running Plaintiff's name through any Chicago Police Department database on the date of the incident. (A true and accurate copy of Defendant Barsch's deposition transcript is attached hereto as Exhibit A, *see* 38:12-14) Even after reviewing the Original Case Incident Report at his deposition and being asked directly if he recalled using CPD databases, Defendant Barsch maintained his position that he did not recall. (*Id.* at 47:19-48:15) Rather, when questioned about his basis for identifying Plaintiff as the unknown individual at his door, he testified it was the picture of Plaintiff he found through Google. (Ex. A 33:20-34:1; 34:24-35:11). Defendant Barsch further testified that after finding that photograph it completed his investigation and he brought the incident to his supervisor Sergeant Beck's attention. (*Id*. at 37:12-16). Similarly in his response to Plaintiff's interrogatory asking Defendant Barsch to describe all investigatory work he did prior to

the arrest of Plaintiff, he stated he found a Facebook photograph of Plaintiff, what he did not say, is that he searched CPD databases. (A true and accurate copy of Defendant Barsch's Responses to Plaintiff's First Set of Interrogatories is attached hereto as Exhibit B, *see* Pg. 4, Interrogatory No. 5). Moreover, Plaintiff would be able to establish the duty to preserve the Facebook photograph based on the fact that it was collected in anticipation of criminal litigation and as police, Defendants had a duty to retain evidence including exculpatory evidence. *See Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963); *see also Arizona v. Youngblood*, 488 U.S. 51, 51, 109 S. Ct. 333, 334, 102 L. Ed. 2d 281 (1988). Accordingly, there are disputed facts and credibility issues with the spoliation claim that make summary judgment inappropriate.

In the alternative, Plaintiff respectfully requests that he be allowed to conduct additional discovery as to Defendant City of Chicago's evidence retention policies. As evidence that Defendant City of Chicago had written rules or a practice of preserving evidence in criminal investigations may satisfy the element for a duty to preserve arising due to "special circumstance." *See Awalt v. Marketti*, 74 F. Supp. 3d 909, 945 (N.D. Ill. 2014), supplemented, 75 F. Supp. 3d 777 (N.D. Ill. 2014)(finding that defendants practice of preserving certain evidence in certain circumstances created a duty to do so).

## II.  STATEMENT OF FACTS

As alleged by Defendant Barsch, on or about March 13, 2019, an unknown individual knocked on his front door and asked him if his car was for sale. When Barsch communicated to the individual that the car was not for sale, the unknown individual told Barsch he would see him around. (Dkt. #72 at ¶6). As a result of this interaction, Defendant Barsch conducted an independent investigation in an attempt to identify the unknown individual and according to Barsch he located a Facebook photograph that led him to "identify" the unknown individual as Plaintiff. (*Id*. at ¶¶ 7-8). On March 13, 2019, Plaintiff was at work at KCP Metal Fabrications,

Inc., a fact confirmed by Plaintiff's employer and with video confirmation, and thus was nowhere near the scene of the alleged stalking incident. (Dkt. #72 at ¶¶ 13; 21). Defendant Barsch filed a false police report, in which he falsely accused Plaintiff of stalking. (*Id*. at ¶ 9). In reporting this alleged stalking incident, Defendant Barsch showed his colleagues, Chicago Police Department officers, a printout of the Facebook photograph of Plaintiff to support his identification. (*Id*. at ¶ 10). Defendant Barsch's alleged use of Facebook to "identify" Plaintiff is notated in the Original Case Incident Report generated by Detective Kenah on the night of the incident. (*Id*. at ¶ 11). A Probable Cause Investigative Alert for Plaintiff was issued based on Defendant Barsch's false identification and accusations. (*Id*. at ¶ 14). As a result, on March 14, 2019, Plaintiff was falsely arrested leaving his house on the way to work. (*Id*. at ¶ 15). Plaintiff remained in jail until 1:30 p.m. on March 15, 2019 when he was released without being charged with any crime. (*Id.* at ¶ 22).

Despite the fact that the Facebook photograph of Plaintiff was the key piece of evidence in Defendant Barsch's alleged identification of Plaintiff, the printout of the Facebook photograph was not preserved by Defendant Barsch or Defendant City of Chicago. (Dkt. #72 at ¶ 12). Defendants Barsch and City of Chicago owed Plaintiff a duty to preserve evidence related to their investigation and arrest of Plaintiff. (*Id.* at ¶ 38). Defendants breached that duty by failing to preserve the Facebook photograph printout of Plaintiff. (*Id.* at ¶ 39). The breach of duty was the proximate cause of injury to Plaintiff as it was Defendant Barsch's basis for "identifying" Plaintiff which led to Plaintiff's arrest. (*Id.* at ¶ 40).

### III.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure only require that a complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Doherty*

*v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and it must plausibly suggest, above a "speculative level," that the plaintiff has a right to relief. *Id.* A claim is plausible when the alleged facts allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009).

## IV. **ARGUMENT**

### i. **Plaintiff has Sufficiently Pled an Illinois State Law Claim for Negligent Spoliation of Evidence.**

"In order to prevail on a claim of negligent spoliation of evidence, a party must show that (1) the party alleged to have been negligent had a duty to preserve the evidence, (2) the party breached that duty, (3) the breach proximately caused an injury, and (4) the party seeking compensation for negligent spoliation suffered actual damages as a result." *Jones v. O'Brien Tire & Battery Serv. Ctr., Inc.*, 374 Ill. App. 3d 918, 924, 871 N.E.2d 98, 105 (5th Dist. 2007) *citing Boyd v. Travelers Insurance Co.,* 166 Ill.2d 188, 194–95, 209 Ill.Dec. 727, 652 N.E.2d 267, 270 (1995). Defendants allege that Plaintiff failed to sufficiently plead that Defendants had a duty to preserve evidence and proximate cause. This is not true.

### a. ***Plaintiff has sufficiently alleged that Defendants had a duty to preserve the evidence.***

In Illinois, the general rule is that there is no duty to preserve evidence. An exception to the general no-duty rule exists and can be established by a two-prong test. *Martin v. Keeley & Sons,*

*Inc.*, 2012 IL 113270, ¶ 27, 979 N.E.2d 22, 28 citing *Boyd*, 166 Ill.2d at 195, 209 Ill.Dec. 727, 652 N.E.2d 267 (internal citations omitted). "Under the first, or 'relationship,' prong of the test, a plaintiff must show that an agreement, contract, statute, special circumstance, or voluntary undertaking has given rise to a duty to preserve evidence on the part of the defendant. Under the second, or 'foreseeability,' prong of the *Boyd* test, a plaintiff must show that the duty extends to the specific evidence at issue by demonstrating that 'a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action.'" *Id.*

Plaintiff's First Amended Complaint alleges an affirmative action on defendants' part evincing a voluntary undertaking to preserve evidence. Plaintiff alleged that after Defendant Barsch located a Facebook photograph of Plaintiff that led him to "identify" the unknown individual as Plaintiff, and in reporting the incident Defendant Barsch showed a printout of that photograph to Chicago Police Department officers to support his identification. (Dkt. 72 at ¶ ¶ 8; 10). The reasonable inference from these allegations is that by printing out the Facebook photograph, the Defendants took affirmative steps to voluntarily preserve the evidence. "A party's voluntary undertaking to preserve evidence for its own benefit does impose a 'duty to continue to exercise due care to preserve the evidence for the benefit of any other potential litigants.'" *Gerard v. ConAgra Foods, Inc.*, 06 C 6163, 2010 WL 1710820, at *3 (N.D. Ill. Apr. 28, 2010) citing *Jones v. O'Brien Tire & Battery Service Center, Inc.*, 374 Ill.App.3d 918, 927, 312 Ill.Dec. 698, 871 N.E.2d 98, 107–08 (5th Dist.2007); *Stoner v. Wal-Mart Stores, Inc.*, No. 06 4053, 2008 WL 3876077, at *4 (C.D.Ill. Aug.18, 2008)(duty to preserve evidence where store employees knew of a video tape containing footage of plaintiff's trip and-fall and employees took steps to preserve it).

Plaintiff has also sufficiently alleged the foreseeability prong of the *Boyd* test. Plaintiff has alleged that Defendant Barsch filed a *false* police report that *falsely* accused Plaintiff of stalking

and based on these false accusations Plaintiff was arrested. (Dkt. 72 at ¶ 9;14-15)(emphasis added). If Plaintiff's allegations are accepted as true as is required, a reasonable inference would be that Defendants were on sufficient notice that any evidence used to arrest Plaintiff on false charges would be materially relevant to a civil action. Additionally, Plaintiff has alleged that Defendant Barsch claimed to identify Plaintiff as the unknown individual at his home despite the fact that Plaintiff was at work on the date of the incident and nowhere near the scene of the alleged stalking incident. (*Id.* at ¶¶ 8;13). As soon as it became apparent to Defendants that Plaintiff had an alibi and could not have been the perpetrator as alleged by Defendant Barsch, they would have been on sufficient notice of potential litigation. These unique circumstances surrounding Plaintiff's arrest are sufficient to allege the foreseeability prong of the *Boyd* test.

b. ***Plaintiff has alleged that Defendants failure to preserve the Facebook Photograph was the proximate cause.***

Defendants argue that Plaintiff has failed to plead facts to support proximate cause. In doing so they completely disregard the allegations of Plaintiff's complaint, mainly that the key piece of evidence in Defendant Barsch's alleged identification of Plaintiff, the printout of the Facebook photograph was not preserved by Defendant Barsch or Defendant City of Chicago. (Dkt. #72 at ¶ 12). A Probable Cause Investigative Alert for Plaintiff was issued based on Defendant Barsch's false identification and accusations. (*Id.* at ¶ 14). As a result, on March 14, 2019, Plaintiff was falsely arrested leaving his house on the way to work. (*Id.* at ¶ 15). The breach of duty was the proximate cause of injury to Plaintiff as it was Defendant Barsch's basis for "identifying" Plaintiff which led to Plaintiff's arrest. (*Id.* at ¶ 40). Without Defendant Barsch's "identification" of Plaintiff, Plaintiff would never have been arrested, and Defendant Barsch was only able to "identify" Plaintiff by the Facebook photograph. The reasonable inference is that without the key

piece of evidence relied on by Defendant Barsch, he can claim that he identified Plaintiff by the Facebook photograph and the destruction of this evidence will prevent Plaintiff from contradicting this. Accordingly, Plaintiff has sufficiently plead facts to allege a spoliation claim and Defendants' Motion should be denied.

## V.     **CONCLUSION**

For the foregoing reasons, Plaintiff Jokim Pitts, respectfully requests this Court deny Defendants' Motion to Dismiss in its entirety and strike Defendants' Exhibit A.

Respectfully Submitted,

s/Jaclyn Diaz

ED FOX & ASSOCIATES, LTD.
300 W Adams St, Ste 330
Chicago, IL 60606
(312) 345-8877
jdiaz@efoxlaw.com
*Attorney for Plaintiff*