IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOKIM PITTS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-4573 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| H. BARSCH, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Jokim Pitts ("Plaintiff") brought this lawsuit against City of Chicago Detective H. Barsch, unknown and unnamed City of Chicago Police Officers, and the City of Chicago ("Defendants"), alleging unlawful detention, false imprisonment, and spoliation of evidence. [See 72]. Defendants moved to dismiss Plaintiff's spoliation claim [73]. For the reasons stated below, the Court grants Defendants' motion and dismisses Plaintiff's spoliation claim without evidence. Plaintiff is given until August 18, 2021 to file an amended complaint as to the spoliation count if he wishes to do so and can do so consistent with this order and Federal Rule of Civil Procedure 11. If Plaintiff wishes to stand on the claims that remain from his first amended complaint, he should so advise Defendants and the Courtroom Deputy. A joint status report that includes a discovery plan and a statement in regard to any settlement discussions or request for a referral to the Magistrate Judge for a settlement conference is due seven days after Plaintiff either files an amended complaint or advises that he will stand on the original complaint.

I. **Background**[1]

Defendant Barsch is a detective employed by the City of Chicago Police Department ("CPD"). [72, at ¶ 4]. He claims that in March 2019, an individual knocked on his door and asked him if his car was for sale. [*Id.*, at ¶ 6]. Defendant Barsch told the individual that his car was not for sale, and the individual "told Barsch he would see him around." [*Id.*]. As a result of this interaction, Defendant Barsch conducted an independent investigation in an attempt to identify the individual. [*Id.*, at ¶ 7]. During this investigation, he "came across a Facebook photograph of Plaintiff which led him to 'identify' the unknown individual as Plaintiff." [*Id.*, at ¶ 8]. The same day as the incident, Barsch filed a police report accusing Plaintiff of stalking. [*Id.*, at ¶ 9]. In making this report, Defendant Barsch showed his colleagues, who were CPD officers, "a printout of the Facebook photograph of Plaintiff to support his identification." [*Id.*, at ¶ 10]. The Original Case Incident Report notes that he used this photo to identify Plaintiff. [*Id.*, at ¶ 11]. The printout of the Facebook photograph of Plaintiff was not preserved by any of the Defendants. [*Id.*, at ¶ 12].

On the day of the incident, Plaintiff was at work, which was confirmed by Plaintiff's employer and a video. [*Id.*, at ¶¶ 13, 21. Despite this, Plaintiff was arrested shortly after the incident. [*Id.*, at ¶ 15]. He was arrested at 2:30 pm on March 14, 2019 and remained in jail until 1:30 pm on March 15, 2019, when he was released without being charged with a crime. [*Id.*, at ¶ 22].

Plaintiff brought a lawsuit for unlawful detention and false imprisonment; his initial lawsuit did not include a spoliation claim. [See 1]. In a motion to amend, Plaintiff explained that Barsch testified at his deposition that he identified the individual at his front door after locating a Facebook

---

[1] For purposes of the motion to dismiss, the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

photograph of Plaintiff, which he printed out when reporting the incident to CPD officers. [61, at 1]. Plaintiff's counsel requested that Defendant City of Chicago produce the photograph, and the Defendant stated that the printed photograph did not exist. [*Id.*, at 2]. The Court granted Plaintiff's motion for leave to amend to add a spoliation claim. [71]. Plaintiff filed his first amended complaint [72], and Defendants moved to dismiss the spoliation claim [73].

## II. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint typically must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S at 555). In determining whether the complaint meets this standard, the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor.[2] *Killingsworth*, 507 F.3d at 618.

## III. Analysis

In Illinois, a spoliation claim is a form of negligence. *Boyd v. Travelers Ins. Co.*, 652 N.E.2d 267, 270 (Ill. 1995), as modified on denial of reh'g (June 22, 1995). "Accordingly, a negligent spoliation claim requires the plaintiff to prove the traditional four elements of

---

[2] Defendants attached a copy of the Original Case Incident Report to their motion to dismiss. [73-1]. The parties dispute whether the Court can consider this document without converting the motion to one for summary judgment under Federal Rule of Civil Procedure 12(d). [Compare 81, at 1–3, with 85, at 2–3]. However, the Court need not resolve this issue because the Court grants Defendant's motion without considering the report.

negligence: a duty to preserve the evidence; breach of that duty by loss of the evidence; that the loss proximately caused the plaintiff's inability to prove his underlying claim; and actual damages as a result." *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 608 (7th Cir. 2016).

Defendants argue in part that Plaintiff failed to plead causation. [73, at 5–7]. "In a negligence action involving the loss or destruction of evidence, a plaintiff must allege sufficient facts to support a claim that the loss or destruction of the evidence caused the plaintiff to be unable to prove an underlying lawsuit." *Boyd*, 652 N.E.2d at 271. Plaintiff "need not show that, but for the loss or destruction of the evidence, [he] would have prevailed in the underlying action," but Plaintiff must demonstrate that "but for the defendant's loss or destruction of the evidence, [he] had a reasonable probability of succeeding in the underlying suit." *Id.* at 271 n.2. To prevail on the two underlying causes of action—unlawful detention and false imprisonment—Plaintiff must show that Defendants did not have probable cause to believe that he committed a crime.[3] See *Neita v. City of Chicago*, 830 F.3d 494, 497 (7th Cir. 2016) ("To prevail on a false-arrest claim under § 1983, a plaintiff must show that there was no probable cause for his arrest."); *Williams v. City of Chicago*, 315 F. Supp. 3d 1060, 1071 (N.D. Ill. 2018) (explaining that a claim for unlawful detention under the Fourth Amendment requires a seizure of the plaintiff pursuant to legal process unsupported by probable cause). Thus, to state a spoliation claim here, Plaintiff must allege facts sufficient to show that but for the loss of the photograph, he had a reasonable probability of demonstrating that Defendants arrested and held him without probable cause.

---

[3] Plaintiff does not suggest that his unlawful detention claim stems from being denied a prompt judicial determination of probable cause, likely because he was held for less than forty-eight hours. See *Wells v. City of Chicago*, 896 F. Supp. 2d 725, 731 (N.D. Ill. 2012) ("If the arrested person is held less than forty-eight hours without a judicial probable cause determination, to establish a constitutional violation he must show that the hearing 'was delayed unreasonably.'").

In attempting to meet this standard, Plaintiff explains that the Facebook photograph is the key evidence Defendant Barsch relied on in identifying Plaintiff and that "without the key piece of evidence relied on by Defendant Barsch, he can claim that he identified Plaintiff by the Facebook photograph and the destruction of this evidence will prevent Plaintiff from contradicting this." [81, at 8–9]. However, Plaintiff does not explain how having a picture of himself from his own Facebook page would impact his ability to prove that he was arrested and held without probable cause. The issue appears to be not whether Plaintiff looks like the person in the photograph—which all parties agree is Plaintiff—but instead whether the photograph of Plaintiff looks similar enough to the individual who appeared at Barsch's door to support a probable cause determination. The Court cannot discern how the absence of the particular photograph of Plaintiff that Defendant Barsch used in making this comparison would impact that analysis.[4] As Plaintiff's amended complaint fails to allege facts sufficient to demonstrate that the loss of the photograph "proximately caused [his] inability to prove his underlying claim," *Schaefer*, 839 F.3d at 608, his complaint does not state a spoliation claim. And because the claim fails for this reason, the Court need not address Defendant's additional argument that Plaintiff failed to adequately allege a duty to preserve the evidence.

## IV. Conclusion

For the reasons stated above, the Court grants Defendants' motion and dismisses Plaintiff's spoliation claim without evidence. Plaintiff is given until August 18, 2021 to file an amended complaint as to the spoliation count if he wishes to do so and can do so consistent with this order and Federal Rule of Civil Procedure 11. If Plaintiff wishes to stand on the claims that remain from his first amended complaint, he should so advise Defendants and the Courtroom Deputy. A joint

---

[4] If, for example, the missing evidence was a photograph or recording of the person who appeared at Barsch's front door, the outcome here may well be different.

5

status report that includes a discovery plan and a statement in regard to any settlement discussions or request for a referral to the Magistrate Judge for a settlement conference is due seven days after Plaintiff either files an amended complaint or advises that he will stand on the original complaint.

Dated: July 21, 2021

                                                   Robert M. Dow, Jr.
                                                   United States District Judge